I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 1/13/12

Denise VO
DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL HURST III,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>LELAND McEWEN, Warden,<br><br>　　　　Respondent. | Case No. EDCV 11-00594-DMG (RNB)<br><br>ORDER DENYING PETITIONER'S APPLICATION FOR APPOINTMENT OF COUNSEL, AND ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 26, 2011, the assigned Magistrate Judge issued a Report and Recommendation herein. The Magistrate Judge recommended that habeas relief be denied with respect to the three grounds for relief alleged in the Petition, and also that petitioner's request for an evidentiary hearing be denied. Following extensions of time, petitioner filed objections to the Report and Recommendation on December 21, 2011. Concurrently, petitioner filed an Application for Appointment of Counsel. According to petitioner, he needs counsel in order to "locate potential witnesses (who have testimony crucial to both [his] innocence and the issues contained on habeas corpus)." Petitioner maintains that, if provided counsel, he can make a showing that he is "actually innocent."

To the extent that petitioner is requesting counsel for the purpose of further developing the record with respect to the three grounds for relief alleged in the

1

Petition, the Court notes that consideration of petitioner's claims is governed by the AEDPA standard of review set forth in 28 U.S.C. § 2254(d)(1) and that, as the Supreme Court recently held in Cullen v. Pinholster, - U.S. -, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011), review of state court decisions under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits."

To the extent that petitioner is requesting counsel for the purpose of locating witnesses to prove that he is "actually innocent," the Court notes that, under Herrera v. Collins, 506 U.S. 390, 400-01, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993), the existence merely of "new evidence" relevant to the guilt of a state prisoner is not a ground for federal habeas corpus relief. A claim of actual innocence is not itself a cognizable constitutional claim. See id. at 404. Rather, like the "actual innocence" claim of the petitioner in Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), a federal habeas petitioner's "actual innocence" claim merely constitutes a possible gateway for the consideration of the petitioner's other substantive constitutional claims, to the extent that those claims might otherwise be procedurally barred (e.g., by the one-year limitation provision or the procedural default doctrine). See Herrera, 506 U.S. at 416-18; see also Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995). Here, the Magistrate Judge has not found that any of petitioner's substantive federal constitutional claims is procedurally barred.

For the foregoing reasons, petitioner's application for the appointment of counsel is denied.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court accepts the findings and recommendations of the Magistrate Judge.

//

1  IT THEREFORE IS ORDERED that petitioner's request for an evidentiary
2  hearing is denied; and that Judgment be entered denying the Petition and dismissing
3  this action with prejudice.

5  DATED: 1/12/12

   _____
   DOLLY M. GEE
   UNITED STATES DISTRICT JUDGE